IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA
LINCOLN DIVISION

**BRANDON UNGER**                                                                                         **PLAINTIFF**

vs.                                                     No. 4:21-cv-3133

**BOCKMANN, INC., and**                                                                            **DEFENDANTS**
**PAUL BOCKMANN**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Brandon Unger ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint ("Complaint") against Defendants Bockmann, Inc., and Paul Bockmann (collectively "Defendants" or "Defendant"), he states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.     This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2.     Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

### II.     JURISDICTION AND VENUE

3.     The United States District Court for the District of Nebraska has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is headquartered and does business within the Lincoln Division of the District of Nebraska; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Douglas County.

6. Separate Defendant Bockmann, Inc. ("Bockmann Inc."), is a domestic, for-profit corporation.

7. Bockmann Inc.'s registered agent for service is Chris Bockmann, at 1450 Centerpark Road, Lincoln, Nebraska 68512.

8. Separate Defendant Paul Bockmann ("Paul") is an individual and resident of Nebraska.

9. Defendants, in the course of their business, maintain a website at https://bockmanninc.com/.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendants' primary business is to provide inspections and services related to asbestos, mold, lead-based paint, etc.

12. Paul is a principal, director, officer, and/or owner of Bockmann Inc.

13. Paul took an active role in operating Bockmann Inc. and in the management thereof.

14. Paul, in his role as an operating employer of Bockmann Inc., had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15. Paul, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Defendants are employers within the meaning of the FLSA and were, at all times relevant, Plaintiff's employers.

19. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

20. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

21. Specifically, Defendant employed Plaintiff as a Pipeline Supervisor from approximately March of 2020 until February of 2021.

22. Plaintiff's primarily duties included inspecting pipeline and removing asbestos coding.

23. Plaintiff often traveled between 2 or 3 locations per day.

24. Plaintiff used instrumentalities of interstate commerce such as his cell phone and the internet in the regular course of his duties.

25. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid him an hourly rate.

27. Plaintiff regularly worked over forty hours per week.

28. Plaintiff regularly worked hours for which he was not paid.

29. Plaintiff kept track of his hours using Defendant's electronic time system via an app on Plaintiff's cell phone.

30. Plaintiff was required to clock out when he pulled into the parking lot at the end of each workday.

31. However, Plaintiff was required to complete administrative tasks after he clocked out, such as completing daily work logs, attendance logs, gathering and submitting receipts, and sending emails.

32. Plaintiff was unable to complete these administrative tasks during the day because he was required to drive from location to location and was unable to complete the necessary paperwork between jobs.

33. Plaintiff estimates he worked approximately 7 hours off the clock each week completing administrative tasks.

34. Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay a proper overtime rate for all hours worked over forty each week.

35. Because asbestos removal is such a highly regulated industry, Defendants were aware that they required Plaintiff to complete a large amount of administrative work each time he inspected and/or worked on a pipeline.

36. Defendant knew or should have known that Plaintiff was unable to complete the necessary administrative work between each job during the workday.

37. Defendant knew or should have known that Plaintiff was working hours which went uncompensated.

38. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for hours worked over forty per week.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.    CLAIM FOR RELIEF—VIOLATION OF THE FLSA

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular

wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

44. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

45. Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of 40 per week as required by the FLSA.

46. Defendant knew or should have known that its actions violated the FLSA.

47. Defendant's conduct and practices, as described above, were willful.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's Original Complaint, plus periods of equitable tolling.

49. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brandon Unger respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF BRANDON UNGER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com