IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON UNGER, | |
| Plaintiff, | 4:21-CV-3133 |
| vs. | MEMORANDUM AND ORDER |
| BOCKMANN, INC. and PAUL BOCKMANN, | |
| Defendants. | |

This matter is before the Court on the parties' Joint Motion for Dismissal with Prejudice and Approval of Settlement Agreement (filing 22). The Court will grant the motion.

This Fair Labor Standards Act (FLSA) case may be compromised only if the Court finds that the litigation involves a bona fide dispute and the proposed settlement is fair and equitable to all parties. *Stainbrook v. Minn. Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017); *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013); *cf. Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). The Court is aware that, in the Eighth Circuit, it is undecided "whether the FLSA requires judicial approval to settle bona fide disputes over hours worked or wages owed." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *see Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853 (8th Cir. 2021); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). But the parties have asked for judicial approval, so the Court proceeds under that assumption. *Cf. Melgar*, 902 F.3d at 779.

A settlement addresses a bona fide dispute when it reflects a reasonable compromise over issues that are actually in dispute. *Stainbrook*, 239 F. Supp.

3d at 1126., and the Court "must do more than just take at face value the parties' assertion that there is 'no doubt' that the lawsuit involves a bona fide dispute over FLSA coverage," *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008). If there is no actual doubt that the plaintiff would be entitled to the compensation he sought, "then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could ever be fair and reasonable." *Id.* at 719.

And the Court must also evaluate the fairness and equity of the settlement. Courts have considered such factors as the extent of discovery that has taken place; the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; the extent to which settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; the absence of fraud or collusion in the settlement; whether the settlement agreement is the product of arm's-length bargaining; and the experience of plaintiff's counsel. *See e.g.*, *Stainbrook*, 239 F. Supp. 3d at 1126; *Roeder*, 2017 WL 3499942, at \*2; *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005). Factors weighing against approval may include the likelihood that the plaintiff's circumstance will recur or a history of FLSA noncompliance by the same employer or others in the same industry or region. *Wolinsky*, 900 F. Supp. 2d at 336.

The parties have made those showings here. In particular, the parties have explained the basis for the defendants' resistance to the plaintiff's claims, filing 23 at 3-4, permitting the Court to conclude that the settlement addresses a bona fide dispute, *see Collins*, 568 F. Supp. 2d at 720. The parties have also

articulated the complexity of the litigation and the arms-length negotiating process that resulted in the settlement, filing 23 at 5-6, permitting the Court to evaluate and approve the fairness and equity of the settlement, *see e.g.*, *Stainbrook*, 239 F. Supp. 3d at 1126. And it has been persuasively explained why the plaintiff's situation is unlikely to recur. Filing 23 at 7; *see Wolinsky*, 900 F. Supp. 2d at 336. The Court also finds, given the nature and progress of the litigation and the outcome for the plaintiff, that the attorney fees to be paid to the plaintiff's counsel are fair and reasonable.

In sum, the Court is satisfied, having considered the parties' motion and brief, that the parties' settlement is fair and should be approved.

IT IS ORDERED:

1. The parties' Joint Motion for Dismissal with Prejudice and Approval of Settlement Agreement (filing 22) is granted.

2. The settlement agreement (filing 22-1) is approved.

3. This case is dismissed with prejudice.

4. A separate judgment will be entered.

Dated this 16th day of December, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge